UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORY LEE SMITH,
    Plaintiff,

v.                                              Case No. 3:21cv599/MCR/EMT

APRIL BURGESS and
BRIDGEWAY CENTER,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's second amended complaint, filed pursuant to 42 U.S.C. § 1983 (ECF No. 11).[1]  "[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*,

---

[1] Unlike in the initial complaint, in the second amended complaint, Plaintiff asserts constitutional claims.

Case No.: 3:21cv599/MCR/EMT

898 F.2d 126, 129 (11th Cir. 1990)).  Upon review of Plaintiff's second amended complaint, it is apparent Plaintiff has failed to state an even arguably viable claim under § 1983, the only claim Plaintiff asserts over which this court has original jurisdiction.   It likewise is clear Plaintiff cannot cure the deficiency by filing a third amended complaint.  *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (internal marks omitted).  The undersigned thus recommends that Plaintiff's § 1983 claims be dismissed with prejudice and that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff's claims stem from mental health treatment Defendant April Burgess provided him at Bridgeway Center, Inc.[2]  Although Plaintiff invokes a number of constitutional provisions, including the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, Plaintiff's claims are based solely on Dr. Burgess's alleged treatment of him, including apparently having him involuntarily committed under Florida's

---

[2] Plaintiff refers to Defendant April Burgess as a nurse practitioner (once) in the "Parties" section of the complaint form and as a doctor (repeatedly) in the "Statement of Facts" and "Statement of Claims" sections (*see* ECF No. 11).  The court will refer to her as Dr. Burgess.

Baker Act, Fla. Stat. § 394.463(1). With the exception of the allegations regarding involuntary commitment, the allegations in Plaintiff's complaint sound strictly in negligence—medical malpractice, to be precise—and thus support only state law claims.[3] And Plaintiff's constitutional claims, brought pursuant to 42 U.S.C. § 1983, fail as a matter of law.

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Here, there is no indication Dr. Burgess acted under color of state law in providing mental health treatment to Plaintiff. To the contrary, according to the allegations in Plaintiff's second amended complaint, Dr. Burgess treated him in her capacity as a mental health provider (i.e., nurse practitioner or doctor) at Bridgeway Center, Inc.,

---

[3] *See, e.g., Haely v. Judd*, No. 8:12cv89-T-17TGW, 2012 WL 3204591, at *3 (M.D. Fla. Aug. 3, 2012) ("To be sure, Plaintiff could show a violation of his Fourth Amendment rights in the specific context at issue in this case were he to allege facts that demonstrate Deputy Baggett did not reasonably perceive[ ] probable cause to subject [Plaintiff] to an involuntary examination under the Baker Act. But Plaintiff's complaint is wholly devoid of any facts regarding the encounter between Baggett and Haely on January 26, 2011, Baggett's conduct on that date, or anything else (save for bare legal conclusions) to indicate that Plaintiff's constitutional rights were violated in the first instance. As a result, the Court can say without compunction that Plaintiff's complaint at present fails to state a claim to relief that is plausible on its face.") (internal marks and citation omitted).

a not-for-profit corporation. Dr. Burgess thus is not a state actor subject to suit under § 1983. And Bridgeway Center, Inc., the only other Defendant, is not a not a "person" for purposes of § 1983. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Plaintiff thus has wholly failed to state a viable claim under § 1983.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile."[4] *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this instance, Plaintiff has failed to allege facts even arguably giving rise to a viable § 1983 claim and cannot cure the deficiency by filing another amended complaint.[5] The undersigned thus finds that Plaintiff's § 1983 claims should be dismissed with prejudice. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the

---

[4] It bears mention that the court allowed Plaintiff to amend his complaint twice (*see* ECF Nos. 6, 7, 8, 11), once after advising him that this court has no subject matter jurisdiction over claims for medical malpractice (ECF No. 5).

[5] Although the undersigned need not address the issue in light of the findings set forth above, as in *Haely*, *supra*, Plaintiff has not pled facts even arguably sufficient to show his alleged involuntary commitment was constitutionally unsound.

inherent power to sua sponte dismiss frivolous lawsuits without giving notice to the parties."). The undersigned further finds that the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims, which arise exclusively under state law, and that such claims should be dismissed without prejudice. *See Kamel v. Kenco/The Oaks at Boca Raton LP*, 321 F. App'x 807, 811 (11th Cir. 2008) ("It is well settled in our circuit that 'if . . . federal claims are dismissed prior to trial, [*United Mine Workers v.] Gibbs* [383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966) ] strongly encourages or even requires dismissal of the state claims.' *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984).").

Accordingly, it is respectfully **RECOMMENDED**:

1. That the court **DISMISS with prejudice** Plaintiff's § 1983 claims.

2. That the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISS** such claims **without prejudice.**

3. That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of June 2021.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**